UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Demetrius Altman, | ) | Crim. No.: 4:17-cr-00865-RBH-3 |
| | ) | Civil Action No.: 4:23-cv-06169-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255 filed on November 20, 2023.  ECF No. 266.

On February 16, 2024, the government filed a motion to dismiss arguing, among other things, that Petitioner's motion is untimely. ECF No. 284.  On February 16, 2024, a *Roseboro* Order was issued advising Petitioner that a motion to dismiss and/or for summary judgment had been filed and that his failure to respond could result in the dismissal of his case. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975); *see also* ECF No. 286.  Petitioner did not file a response to the government's motion.  For the reasons stated below, the Court grants the government's motion to dismiss, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

**Procedural History**

On May 23, 2018, pursuant to a written plea agreement, Petitioner pled guilty to counts one and two of the indictment, which alleged Hobbs Act Conspiracy in violation of 18 U.S.C. § 1951 and Hobbs Act Robbery and Aiding and Abetting in violation of 18 U.S.C. § 1951 and 2.  ECF

---

[1]    Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

Nos. 2 & 131.

The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined that Petitioner's advisory sentencing guideline range was 360 to 480 months in prison based on a total offense level of 40 and a criminal history category of IV. As a result of the plea agreement, the Government agreed to depart from the guidelines, and both parties agreed that the appropriate disposition of the case was a sentence between 120 to 240 months pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(C).

On September 20, 2018, the Court sentenced Petitioner to a 168 month term of imprisonment as to Count 1 and a 168 month term of imprisonment as to Count 2, to run concurrently. Petitioner's sentence of imprisonment is to be followed by a three year term of supervised release as to each of Counts 1 and 2, to run concurrently. Judgment was entered on September 24, 2018. Petitioner did not file a direct appeal.

Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on November 20, 2023. The filing indicates Petitioner's motion was delivered to the prison mail room on November 13, 2023. ECF No. 266-2.

## Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974). Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that she is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

## Discussion

The government argues that Petitioner's motion to vacate is untimely and must be dismissed. Petitioner did not respond to the government's motion to dismiss or make any argument related to timeliness. The Court agrees with the government.

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following

3

four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  In appropriate cases, the Supreme Court has determined that the time limit for the filing of a habeas corpus petition is subject to equitable tolling. *Holland v. Florida*, 560 U.S.631 (2010).  A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. , 161 L.Ed.2d 669 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 130 S.Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964)).

"A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires." *United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017).  In this case, Petitioner did not file a direct appeal.  An unappealed federal criminal judgment becomes final for purposes of § 2255 when the time for filing a direct appeal expires. *See Oliver*, 878 F.3d at 125.  The time for Petitioner to file a direct appeal from his

4

criminal judgment expired on October 8, 2018, fourteen days after the judgment was entered. Therefore, Petitioner's judgment became final, at the latest, on October 8, 2018. Petitioner's motion to vacate is untimely because it was filed more than one year after his conviction became final.

Although not argued by Petitioner, any potential argument that the expungement of his state conviction for criminal possession of marijuana triggers § 2255(f)(4) is without merit. Section 2255(f)(4) provides a one year limitations period shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Courts have found that a "state court vacatur of a predicate conviction is a new fact that triggers a fresh one-year statue of limitations under § 2255(f)(4), as long as the petitioner exercised due diligence in seeking the order from the state court expunging the convictions at issue." *United States v. Jacobs*, No. 7:07-cr-01112-JMC, 2017 WL 4890001, at *2 (D.S.C. Oct. 30, 2017)(citing *Johnson v. United States*, 544 U.S. 295 (2005)). Effective March 31, 2021, New York state law provided it was no longer a crime to smoke or possess limited amounts of marijuana. As such, certain marijuana-related offenses, such as Petitioner's conviction under former N.Y. Penal Law § 221.10 for criminal possession of marijuana, were automatically expunged. *See Cannabis (Marihuana) and Expungement Under New York State Law*, NYCOURTS.GOV, https://www.nycourts.gov/courthelp/criminal/marihuanaExpunge.shtml (last visited April 11, 2024); *see also Kitty Hawk Aircargo Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005)(indicating courts may take judicial notice of government websites). The New York courts did not send out notices to individuals that a case was expunged, but individuals were able to request a certification of disposition from the court where the case was decided. *Id*. The certificate of disposition provided by Petitioner is dated July 10, 2023, more than two years after the aforementioned effective date.

5

There is no indication Petitioner sought the certificate of disposition at an earlier time. As such, Petitioner did not exercise due diligence and § 2255(f)(4) is not applicable. *See Johnson v. United States*, 544 U.S. 295 (2005)(noting due diligence is not excused because a defendant is pro se or lacks sophistication to understand court procedures); *see id* (finding a defendant did not act diligently when there was a three-year delay between the entry of his federal judgment and his seeking relief in state court).

None of the other potential triggering dates set forth in 28 U.S.C. § 2255(f) apply to this case. *See Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014). Petitioner has also failed to demonstrate a sufficient basis to warrant equitable tolling.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

### Conclusion

For the reasons stated above, the government's [284] motion to dismiss is **GRANTED** and

Petitioner's [266] pro se motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**. The Court **DENIES** a certificate of appealability.

     **IT IS SO ORDERED**.

April 15, 2024                                        s/ R. Bryan Harwell
Florence, South Carolina                             R. Bryan Harwell
                                                     United States District Judge

7